PEOPLE v SPICER

Docket No. 58320. Argued October 5, 1977 (Calendar No. 14).—Decided March 20, 1978.

Johnny Spicer was arraigned on a charge of breaking and entering and the Recorder's Court of Detroit, James Del Rio, J., set bond at $500 with two sureties. After a preliminary examination in the Recorder's Court, John P. O'Brien, J., the defendant was bound over for trial and the bond was continued. Defendant's first motion for reduction of bond before Geraldine Bledsoe Ford, J., was denied and a second withdrawn after the court indicated that it was unwilling to review the matter. The defendant, who is indigent and has never posted the bond, pled guilty of attempted larceny in a building and was sentenced to time served plus two years probation. Defendant argues that his plea of guilty was induced by his failure to obtain a reduced bond. The Court of Appeals, J. H. Gillis, P.J., and V. J. Brennan and R. M. Maher, JJ., denied leave to appeal (Docket No. 27774). Defendant appeals. *Held:*

1. On the record of the instant case it is not ascertainable whether the lower courts gave adequate consideration to the defendant's motions for reduced bond. Since the law at that time did not require the courts to state the reasons for decisions on bonds, there is no demonstrable error. The Court could dispose of this case by saying that leave to appeal was improvidently granted.

2. The Court has recently adopted GCR 1963, 790 to ensure a defendant's right to bail. Proper adherence to this rule should alleviate the kind of problem which may have been present in the instant case. The new rule is to be complied with in spirit, as well as to the letter. A court making a decision on bail

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 8 Am Jur 2d, Bail and Recognizance §§ 68, 79, 80, 164.

[1] Pretrial release: application of state statutes establishing pretrial release of accused on personal recognizance as presumptive form of release. 78 ALR3d 780.

[2] 8 Am Jur 2d, Bail and Recognizance §§ 33, 35.

[3] 4 Am Jur 2d, Appeal and Error §§ 162, 163.

should review the record thoroughly and state its reasons for the decision under the court rule.

3. Defendants must be given the opportunity, prior to appellate review, to correct any errors that appear in the record. Defendants also must be allowed to present any additional material evidence, which originally could have been considered in the setting of bail, if the evidence was not available when bail was originally set. Such additional proceedings are not a requirement for appellate review.

Justice Coleman concurred in the conclusion that leave to appeal was improvidently granted.

Affirmed.

1. BAIL—REDUCTION—APPEAL AND ERROR.

A defendant's appeal from a decision denying a reduction in bail on a record which did not show whether the lower court gave adequate consideration to the defendant's motion could be dismissed where the law at the time of the appeal did not require a court to state the reasons for bond decisions because there was no demonstrable error (Const 1963, art 1, § 16; MCL 765.6; MSA 28.893).

2. BAIL—PRETRIAL RELEASE PROCEDURE—COURT RULES.

The court rule governing pretrial release is to be complied with in spirit, as well as to the letter, because review of the record and the trial court's statement of reasons is the only means by which compliance with the rule can be judged (GCR 1963, 790).

3. BAIL—PRETRIAL RELEASE PROCEDURE—RECORD.

A defendant appealing a pretrial release decision under the new court rule must be given the opportunity to correct any errors that appear in the record and to present any additional material evidence which could have originally been considered in the setting of bail prior to appellate review, if the evidence was not available when bail was originally set; a record must be made of the proceedings so that an effective review of the decision can be had; however, such additional proceedings are not a requirement for appellate review (GCR 1963, 790).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*H. Bernard Clay, III,* for defendant.

Amici Curiae:

Civil Liberties Committee of the State Bar of Michigan, American Friends Service Committee of Michigan, Citizens for Pretrial Justice, and Michigan Trial Lawyers Association, by *Kelman, Loria, Downing, Schneider & Simpson* (by *Robert W. Howes).*

WILLIAMS, J. Leave to appeal was granted in this case because defendant alleged his guilty plea was induced because of his inability to get consideration of his motion for reduction of his bond. This Court was concerned that inadequate initial consideration and inability to appeal such inadequate consideration was in effect denying defendants their constitutional and statutory right to bail.

Our Constitution provides, Const 1963, art 1, § 15 and § 16:

"Sec. 15. No person shall be subject for the same offense to be twice put in jeopardy. All persons shall, before conviction, be bailable by sufficient sureties, except for murder and treason when the proof is evident or the presumption great.

"Sec. 16. Excessive bail shall not be required; excessive fines shall not be imposed; cruel or unusual punishment shall not be inflicted; nor shall witnesses be unreasonably detained."

The record and argument indicated that the courts, trial and appellate, did hear defendant's pleas for reduction in bond. Unfortunately, on the record it is not ascertainable whether the courts gave adequate or inadequate consideration to the pleas. Since the law at that time did not require the statement of reasons for bond decisions there

is no demonstrable error. The only guidance given the courts was MCL 765.6; MSA 28.893 which provides:

"In all other cases the person accused shall be entitled to bail, the amount to be uniform whether the bail bond be executed by the person for whom bail has been set or by a surety. The amount of the recognizance shall be fixed with consideration of the seriousness of the offense charged, the previous criminal record of the defendant and the probability or improbability of his appearing at the trial of the cause."

As a consequence, at this juncture, this Court could dispose of this case by saying that leave to appeal was improvidently granted. However, this Court has since amended the court rules to ensure the defendant's right to bail by requiring adequate consideration in the initial instance and on review, by specifically describing the considerations on which bail should be granted, GCR 1963, 790. Significantly the new rule requires, "Unless the defendant is released on his own recognizance, the court must state the reason for its decision on the record". Proper adherence to this rule should alleviate the type of problem which may have been present in this case.

We write now to make emphatic our belief that the new rule is to be complied with in spirit, as well as to the letter. In furtherance of that belief we find GCR 1963, 790.7, pretrial release-review, to be of the utmost importance. If a meaningful review of the pretrial release procedure cannot be obtained then the entire rule is for naught.

GCR 1963, 790.7 states:

".7 Review.
"(a) A magistrate's or arraigning judge's bail decision

may be reviewed by motion filed in a court of general jurisdiction in criminal cases.

"(b) A bail decision by a judge of a court of general jurisdiction may be reviewed by motion filed in the Court of Appeals.

"(c) There is no fee for a motion under (a) and (b).

"(d) The lower court's order setting bail remains in effect and may not be vacated, modified, or reversed except on a finding of an abuse of judicial discretion."

In reviewing a bail decision, more than perfunctory compliance is required, for review is the only means by which compliance can be judged. This is the heart of the matter.

The reviewing judge should thoroughly review the record, the reasons stated under GCR 1963, 790.5. GCR 1963, 790.5 states:

".5 Decision; Statement of Reasons.

"In deciding which release to use and what terms and conditions to impose, the court shall consider available information on:

"(1) the length of the defendant's residence in the community;

"(2) his employment status and history and his financial condition;

"(3) his family ties and relationships;

"(4) his reputation, character, and mental condition;

"(5) his prior criminal record, including any record of prior release on recognizance or on bail;

"(6) his record of appearance or nonappearance at court proceedings or flight to avoid prosecution;

"(7) the identity of responsible members of the community who would vouch for his reliability;

"(8) the nature of the offense presently charged and the apparent probability of conviction and the likely sentence, insofar as these factors are relevant to the risk of nonappearance; and

"(9) any other factors indicating his ties to the com-

munity or bearing on the risk of willful failure to appear.

"Unless the defendant is released on his own recognizance, the court must state the reason for its decision on the record. The court's statement need not include a finding on each of the enumerated factors."

In future cases, this Court believes that defendants, prior to appellate review, must be given the opportunity to correct any errors that appear in the record. Defendants also must be allowed to present any additional material evidence, which could have originally been considered in the setting of bail, if the evidence was not available when bail was originally set. A record must be made of this proceeding, generally a motion for reduction of bond, and any additional evidence that has been considered, so that an effective review of the decision can be had, if desired. However, such additional proceedings are not a requirement for appellate review.

Since appellant Spicer is indigent, his appellate counsel is entitled to reasonable attorney fees to be paid by Wayne County.

We affirm.

KAVANAGH, C.J., and LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with WILLIAMS, J.

COLEMAN, J. I concur in the conclusion that leave was improvidently granted.